UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHERI KLANCAR, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| WILLIAMS LEA, INC., et. al. | ) | |
| | ) | |
| Defendants. | ) | |

Please take notice that Defendants Williams Lea, Inc. and Matthew Moustakas ("Defendants"), hereby file this Notice of Removal in the United States District Court for the Northern District of Ohio from the Common Pleas Court of Cuyahoga County, Ohio. In support of this Notice, and pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants state the following:

1.      On or about December 30, 2008, Plaintiff Sherri Klancar ("Plaintiff") commenced an action for sex discrimination, equal pay discrimination and retaliation against Defendants in the Common Pleas Court of Cuyahoga County, Ohio, captioned Sheri Klancar v. Williams Lea, Inc. and Matthew Moustakas and assigned Case No. CV 08 680226.

2.      Defendants received service of the Summons and Complaint on or about January 5, 2009. Defendants have not filed an answer or otherwise responded to the Complaint. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), in that thirty (30) days have not expired since January 5, 2009.

3.      This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because one or more of Plaintiff's claims arise under federal law, including Plaintiff's Title VII, 42 U.S.C. §2000e *et. seq.*, claim, and Plaintiff's Equal Pay Act, 29 U.S.C. § 206(d), claim,

provided Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made.

4.    Additionally, diversity jurisdiction over Plaintiff's claims exists as there is complete diversity of citizenship among parties to the Complaint and it appears upon a review of Plaintiff's Complaint that more than Seventy-five thousand dollars ($75,000.00) of damages is at issue.

5.    Venue of this removal action is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 105(b) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

6.    This action is not an action described in 28 U.S.C. § 1445.

7.    Defendant is filing herewith a complete copy of the state court record, which includes the Summons and Complaint, attached hereto as Exhibit 1.

8.    Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel.

9.    A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Common Pleas Court of Cuyahoga County, Ohio.

WHEREFORE, Defendants give notice that the above action initiated in the Common Pleas Court of Cuyahoga County, Ohio, is hereby removed to the United States District Court for the Northern District of Ohio for the reasons set forth above.

Dated: January 23, 2009

Respectfully submitted,

Michael J. Newman (0042684)
Kelly L. Kauffman (0070365)
DINSMORE & SHOHL LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202
Phone: (513) 977-8646
Fax: (513) 977-8141

Trial Attorneys for Defendants Williams Lea, Inc.
and Matthew Moustakas

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by first-class United States Mail, postage prepaid, this 23rd day of January, 2009, on:

Christopher P. Thorman
Daniel P. Petrov
THORMAN & HARDIN-LEVINE CO., L.P.A.
The Bradley Building
1200 West Sixth Street, Suite 207
Cleveland, Ohio 44113

Michael J. Newman (0042684)

1610984_1

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

SHERI KLANCAR              )
5791 Asherbrand Drive      )
Medina, OH 44256         )
                                 )
        Plaintiff,         )
                                 )
    vs.                      )
                                 )
WILLIAMS LEA, INC.       )
c/o Corporation Service Company )
its Registered Agent        )
2711 Centerville Road, Suite 400 )
Wilmington, DE 19808      )
                                 )
        and            )
                                 )
MATTHEW MOUSTAKAS   )
12449 S. 73rd Court       )
Palos Heights, IL 60463     )
                                 )
        Defendants.     )

Judge: TIMOTHY E MCMONAGLE

CV 08 680226

**COMPLAINT**

**Jury Demand Endorsed Hereon**

## INTRODUCTION

1.    Plaintiff Sheri Klancar ("Klancar") is a citizen of the United States and a resident of Ohio.

2.    Defendant Williams Lea ("Williams Lea"), doing business in Ohio, is a foreign corporation headquartered in New York City, New York, with offices throughout the United States.

3.    Defendant Matthew Moustakas ("Moustakas") is a United States citizen, residing in Cook County, Illinois, and does business in Ohio.

4.  Klancar was employed by Defendants in the City of Cleveland, Cuyahoga County, Ohio.

5.  Klancar is an "employee" within the meaning of Chapter 4112 of the Ohio Revised Code.

6.  Williams Lea is a "person," an "individual" and an "employer" within the meaning of Chapter 4112 of the Ohio Revised Code.

7.  Moustakas is a "person," an "individual" and an "employer" within the meaning of Chapter 4112 of the Ohio Revised Code.

8.  Actions and conduct that related to these claims occurred in Cuyahoga County, Ohio. Jurisdiction and venue are proper.

## FIRST CAUSE OF ACTION
### (Sex Discrimination in Violation of O.R.C. 4112 & Title VII)

9.  Klancar incorporates by reference her previous paragraphs as if fully re-alleged herein.

10. Klancar is female.

11. At all times relevant hereto, Klancar was qualified for the positions in which she was employed by Williams Lea.

12. Williams Lea, or its predecessor companies, employed Klancar from 2002 until September 2007.

13. Williams Lea constructively discharged Klancar from her employment in September 2007.

14. Moustakas constructively discharged Klancar from her employment in September 2007.

15. Williams Lea unlawfully discriminated against Klancar because of her sex when it terminated her employment.

2

16.   Moustakas unlawfully discriminated against Klancar because of her sex when he terminated her employment.

17.   Defendants have otherwise discriminated against Klancar on the basis of her sex with respect to pay, the terms, conditions and privileges of employment, including but not limited to physically assaulting her, discriminatorily assigning accounts, giving false and discriminatory performance reviews, ostracizing her from and refusing to include her in important meetings and functions, refusing to credit her for work performed, impeding her ability to perform her job and gain new business, resulting in lost earning opportunities, denying her needed support both internally and with clients, administering policies and procedures discriminatorily, undermining her in front of her subordinates, refusing to pay her the same bonuses as her male counterparts, delaying her payment of earned commissions, raises and merit increases, compensating her at rates lower than those paid to comparably employed male employees, denying her promotional opportunities, and terminating her from her position, in violation of § 4112.02(A), § 4112.99 of the Ohio Revised Code and Title VII, 42 U.S.C. § 2000e, et seq..

18.   As a direct and proximate result of Defendants' unlawful conduct, Klancar suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, the loss of salary and benefits, back pay, front pay and other privileges and conditions of employment.

19.   Defendants' discriminatory actions against Klancar in violation of § 4112.02(A) and § 4112.99 and Title VII, 42 U.S.C. § 2000e, et seq. were willful, reckless, and/or malicious and render Defendants liable for past and future economic and non-economic

3

compensatory and punitive damages pursuant to Chapter 4112.99 of the Ohio Revised

Code and Title VII, 42 U.S.C. § 2000e, et seq., as well as attorneys' fees, costs and any

equitable relief that this Court deems appropriate.

## SECOND & THIRD CAUSES OF ACTION
### (Equal Pay Discrimination in Violation of O.R.C. §§ 4111 & 4112)

20.     Klancar incorporates by reference her previous paragraphs as if fully re-alleged herein.

21.     Defendants violated Ohio Revised Code §§ 4111 & 4112 by compensating Plaintiff at a

rate lower than the rate for male employees performing jobs requiring substantially

similar skill, effort, and responsibility, and which were performed under similar

working conditions, because of gender, and refusing to pay her non-discriminatorily

with respect to salary, bonuses and merit increases.

22.     As a direct and proximate result of Defendants' unlawful conduct, Klancar suffered and

will continue to suffer economic and non-economic damages, including but not limited

to pain and suffering, the loss of salary and benefits, and other privileges and conditions

of employment.

23.     Defendants' discriminatory actions against Klancar in violation of §§ 4111 & 4112

were willful, reckless, and/or malicious and render Defendants liable for past and future

economic and non-economic compensatory and punitive damages pursuant to Chapter

4112.99 of the Ohio Revised Code, as well as attorneys' fees, costs and any equitable

relief that this Court deems appropriate.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of O.R.C. §§ 4111, 4112 and Title VII)

24.     Klancar incorporates by reference her previous paragraphs as if fully re-alleged herein.

4

25.     Klancar engaged in protected activity when she complained about unlawful discrimination and refusal to pay wages to Defendant Williams Lea.

26.     Defendants retaliated against Klancar for engaging in protected activity by failing to investigate her complaints, failing to take prompt remedial steps in response and taking action against her with respect to the terms, conditions and privileges of her employment, including but not limited to physically assaulting her, discriminatorily assigning accounts, giving false and discriminatory performance reviews, ostracizing her from and refusing to include her in important meetings and functions, refusing to credit her for work performed, impeding her ability to perform her job and gain new business, resulting in lost earning opportunities, denying her needed support both internally and with clients, administering policies and procedures discriminatorily, undermining her in front of her subordinates, discriminating against her with respect to pay, bonuses, commissions and account assignments, refusing to pay her the same bonuses as her male counterparts, delaying her payment of earned commissions and merit increases and terminating her from her position, in violation of § 4112.02(I), § 4112.99 of the Ohio Revised Code and Title VII, 42 U.S.C. § 2000e, et seq.

27.     As a direct and proximate result of Defendants' unlawful conduct, Klancar suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, the loss of salary and benefits, back pay, front pay and other privileges and conditions of employment.

28.     Defendants' discriminatory actions against Klancar in violation of § 4112.02(I), § 4112.99 of the Ohio Revised Code and Title VII, 42 U.S.C. § 2000e, et seq. were willful, reckless, and/or malicious and render Defendants liable for past and future

5

economic and non-economic compensatory and punitive damages pursuant to Chapter 4112.99 of the Ohio Revised Code and Title VII, 42 U.S.C. § 2000e, et seq.. as well as attorneys' fees, costs and any equitable relief that this Court deems appropriate.

### FIFTH CAUSE OF ACTION
#### (Discrimination in Violation of the Equal Pay Act)

29.     Klancar incorporates by reference her previous paragraphs as if fully re-alleged herein.

30.     Defendants' intentionally violated the Equal Pay Act, 29 U.S.C. § 206(d), by compensating Klancar at a rate lower than the rate for male employees performing jobs requiring substantially similar skill, effort, and responsibility, and which were performed under similar working conditions, because of gender and refusing to pay her non-discriminatorily with respect to salary, bonuses and merit increases.

31.     As a direct and proximate result of Defendants' intentional violations of the Equal Pay Act, 29 U.S.C. § 206(d), Klancar has suffered and continues to suffer damages for which Defendants are liable, including but not limited to:  economic damages; emotional pain, suffering, inconvenience, and other non-pecuniary losses; back pay; front pay; lost benefits; interest; reasonable attorney's and expert fees; costs; liquidated damages; injunctive relief; declaratory relief; and any additional legal or equitable relief that this Court deems appropriate, including but not limited to reinstatement.

### SIXTH CAUSE OF ACTION
#### (Retaliation in Violation of the Equal Pay Act)

32.     Klancar incorporates by reference her previous paragraphs as if fully re-alleged herein.

33.     Klancar engaged in conduct protected under the Equal Pay Act, 29 U.S.C. §§ 201, et seq., when she complained to Defendants and other employees of Defendant Williams

6

Lea, that Defendants were discriminating against female employees, including herself, because of gender with regard to compensation.

34. Defendants intentionally violated the Equal Pay Act, 29 U.S.C. § 215(a), by retaliating against Klancar for opposing their unlawful discriminatory practices, by denying her employment protections, rights, benefits, and guarantees and by subjecting her to a hostile work environment.

35. As a direct and proximate result of Defendants' intentional and ongoing violations of the Equal Pay Act, 29 U.S.C. § 215(a), Klancar has suffered damages for which Defendants are liable, including but not limited to: economic damages; emotional pain, suffering, inconvenience, and other non-pecuniary losses; back pay; front pay; lost benefits; interest; reasonable attorney's and expert fees; costs; liquidated damages; injunctive relief; declaratory relief; and any additional legal or equitable relief that this Court deems appropriate, including but not limited to reinstatement.

## SEVENTH CAUSE OF ACTION
### (Failure to pay wages in Violation of O.R.C. § 4113)

36. Klancar incorporates by reference her previous paragraphs as if fully re-alleged herein.

37. Defendants refused to pay Klancar her earned wages within the time frame established by Defendants for payment of such wages.

38. As a direct and proximate result of Defendants' unlawful conduct, Klancar suffered economic damages, including but not limited to the loss of renewal bonuses, new business commissions, use of the funds, merit increases and other privileges and conditions of employment.

39. Defendants' discriminatory actions against Klancar in violation of § 4113.15 and § 4113.99 of the Ohio Revised Code were willful, reckless, and/or malicious and render

7

Defendants liable for past damages, attorneys fees, related statutory remedies, liquidated damages and six percent of the unpaid monies pursuant to Chapter § 4113.15 of the Ohio Revised Code, and subject to a misdemeanor pursuant to Chapter § 4113.99 of the Ohio Revised Code, and any equitable relief that this Court deems appropriate.

### EIGHTH CAUSE OF ACTION
(Negligent Supervision and Retention)

40. Klancar incorporates by reference her previous paragraphs as if fully re-alleged herein.

41. Defendants owed Klancar a duty to provide her with a safe work environment free from sex discrimination, harassment, retaliation and unlawful discrimination and to exercise reasonable care in hiring, supervising and retaining other employees.

42. Defendant Williams Lea was aware that Moustakas had a history of discriminating against female employees, had anger-management problems with a history of violent outbursts and threatening behavior.

43. Defendant Williams Lea knew or should have known that Moustakas's history of unlawful discrimination and predisposition to violent outbursts and threatening behavior presented an unreasonable risk of harm to its employees, and that Moustakas had actually subjected Klancar to assault, harassment, retaliation and unlawful discrimination and related conduct.

44. Defendant Williams Lea retained Moustakas and left him in a position to cause the very injuries to Klancar that he had caused to others before her.

45. Defendant Williams Lea breached its duty to Klancar by failing to exercise reasonable care in hiring, supervising and retaining Defendant Moustakas, whom it knew or should have known had a history of harassment, retaliation and unlawful discrimination, and

8

who had actually subjected Klancar to violent outbursts and threatening behavior, assault, harassment, retaliation and unlawful discrimination.

46.    As a direct and proximate result of Defendant Williams Lea's conduct, Klancar has suffered and will continue to suffer non-economic and economic injuries, including but not limited to pain and suffering and the loss of salary, benefits and other privileges and conditions of employment for which Defendant Williams Lea is liable.

## CONCLUSION

Plaintiff Sheri Klancar seeks an amount in excess of $25,000 to fully, fairly and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor and award her past economic, future economic, and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, attorneys' fees, all fees and costs, and any additional equitable relief that it deems appropriate, including but not limited to back pay, front pay, employment, reinstatement and promotion.

Respectfully submitted,

CHRISTOPHER P. THORMAN (0056013)
cthorman@thllaw.com
DANIEL P. PETROV (0074151)
dpetrov@thllaw.com

*Attorneys for the Plaintiff*
*Sheri Klancar*

THORMAN & HARDIN-LEVINE CO.. L.P.A.
The Bradley Building
1220 West Sixth Street, Suite 207
Cleveland, Ohio 44113
Phone (216) 621-9767
Fax (216) 621-3422

10

**SUMMONS IN A CIVIL ACTION   COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER**
**CLEVELAND, OHIO 44113**

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV08680226 | D1 CM | 13126082 |

Rule 4 (B) Ohio

Rules of Civil
Procedure

| | |
|---|---|
| SHERI KLANCAR | **PLAINTIFF** |
| vs | |
| WILLIAMS LEA, INC., ET AL | **DEFENDANT** |

**SUMMONS**

```
WILLIAMS LEA INC
C/O CORPORATION SERVICE COMPANY ITS
REGISTERED AGENT
2711 CENTERVILLE RD STE 400
WILMINGTON DE 19808-0000
```

You have been named defendant in a complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

**Plaintiff's Attorney**

```
CHRISTOPHER P THORMAN
1220 WEST 6TH STREET

SUITE 207
CLEVELAND, OH 44113-0000
```

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
TIMOTHY E MCMONAGLE
Do not contact judge. Judge's name is given for
attorney's reference only.
```

GERALD E. FUERST
Clerk of the Court of Common Pleas

By _____ Thomas _____
Deputy

| DATE |
|---|
| Dec 30, 2008 |

COMPLAINT FILED   12/24/2008



CMSN130



UNITED STATES POSTAGE
02 1A
0004613770
MAILED FROM ZIP CODE 44113

$ 06.070
DEC 31 2008
PITNEY BOWES

FOLD BACK THEN TEAR

CERTIFIED MAIL

GERALD E. I
CLERK OF C(
1200 ONTARIO STREET
CLEVELAND OH, 44113-0000

7112 8144 1491 3126 0821

# RETURN RECEIPT REQUESTED

SHOWING TO WHOM, DATE AND ADDRESS WHERE DELIVERED

WILLIAMS LEA INC
C/O CORPORATION SERVICE COMPANY ITS REGISTERED AGENT
2711 CENTERVILLE RD STE 400
WILMINGTON DE 19808-0000